**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMERICAN GENERAL LIFE INSURANCE
CO.,

        Plaintiff,

vs.                                             Case No. 3:06-cv-623-J-32TEM

BARBARA LOCKWOOD, et al.,

        Defendants.

_____

**ORDER**[1]

This interpleader action is before the Court on Plaintiff's Motion for Voluntary Dismissal (Doc. 43), which explains that although the Court granted plaintiff's motion for interpleader authorizing the deposit of insurance proceeds into the Court registry, plaintiff has now determined that none of the named defendants are entitled to the insurance proceeds and this action is therefore moot. Defendants Barbara Lockwood and Funeral Funding Center, Inc., have both filed responses in opposition (Docs. 44, 45) and Ms. Lockwood filed supplemental exhibits as well (Doc. 47).[2] The other parties have not responded.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] The photographs which form part of this exhibit are being returned to Ms. Lockwood. As the notations on these photographs state, they are not appropriate for disclosure to the public and, as they have no bearing on the outcome here, there is no reason for the Court to retain them, even under seal.

The Court's jurisdiction in this case rests on 28 U.S.C. § 1335, which provides that an action to adjudicate the adverse claims of two or more diverse citizens over a sum of more than $500 may be brought to federal court for resolution "if . . . the plaintiff has deposited such money . . . into the registry of the Court." 28 U.S.C. § 1335(a)(2). Here, plaintiff no longer has any intention of depositing sums into the Court registry, thereby depriving the Court of its only basis of jurisdiction.[3] See Gardes Directional Drilling v. U.S. Turnkey Explorations, Inc., 815 F.Supp. 956, 961 (W.D. La. 1993) (citing authorities from the First, Seventh, and Eighth Circuits to support proposition that pursuant to 28 U.S.C. § 1335(a), "[t]he deposit of money, property, or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action"). Therefore, notwithstanding defendants' objections and their desire that the Court adjudicate the competing claims, this case is due to be dismissed for lack of subject matter jurisdiction. To the extent any of the defendants now seek to bring a counterclaim against plaintiff (see Doc. 44 at ¶ 7, Doc. 45 at ¶ 2), such efforts are unavailing. No funds having ever been deposited to create jurisdiction under 28 U.S.C. § 1335, the Court lacks jurisdiction to adjudicate any claims in this case. Moreover, even if the Court temporarily set aside the question of subject matter jurisdiction for purposes of first evaluating the motion under Rule 41(a)(2), no counterclaims were filed in advance of plaintiff's motion to dismiss as would be required to forestall dismissal under Rule 41(a)(2) and any purported counterclaims or cross-claims fail to independently confer jurisdiction on

---

[3] The amount in controversy would not meet the threshold for diversity jurisdiction and no federal question is presented here.

this Court.[4]  See Correspondent Servs. Corp. v. First Equities Corp. of Fla., 338 F.3d 119, 124-25 (2nd Cir. 2003) (holding that cross-claims of non-diverse parties did not create independent basis of jurisdiction once court determined that property at issue was valueless, thus depriving court of its original interpleader jurisdiction).  See also Wenz v. Rossford Ohio Transp. Improvement Dist., 392 F.Supp.2d 931,939 (N.D. Ohio 2005) (denying Rule 41(a)(2) motion as moot where subject matter jurisdiction is lacking); Taylor v. Com. of Va., Dept. Of Transp., 170 F.R.D. 10, 12 (E.D. Va. 1996) (finding court had no discretion to entertain Rule 41 motion upon determining that dismissal was required based on lack of subject matter jurisdiction).   All parties are advised, however, that this decision should not be interpreted as a ruling on the merits of any party's claim or position.  It may well be that all or some of these claims can be filed in state court.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Voluntary Dismissal (Doc. 43) is **MOOT** as the Court finds it has no subject matter jurisdiction over this interpleader action.  This case, and all claims, counterclaims or cross-claims herein, are **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall close the file.

---

[4]Funeral Funding, Inc. has brought cross-claims against the other defendants (see Doc. 29) for breach of contract (although Funeral Funding failed to attach the contract, Exhibit 3 to the complaint states that the purported re-assignment to Funeral Funding, Inc. was for $5,500.00); in various filings, Ms. Lockwood discusses the claims she would bring against other defendants (see, e.g., Doc. 42), but no answer was ever filed by her and there does not appear to be complete diversity between herself and those she names as defendants.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se parties